IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
                         )
          v.             )          1:10CR224-1
                         )
TORRIEZ LAMAR BAILEY     )

## MEMORANDUM OPINION

This case returned to this court on the Government's motion for remand from the Fourth Circuit Court of Appeals, before decision, following supplemental briefing ordered by that court sua sponte as to whether the five-year term of supervised release imposed upon revocation violated 18 U.S.C. § 3583(b)(1). On remand, this court issued an order detailing its analysis of why it believed its sentence was proper -- namely, that the statute for Bailey's count of conviction, 21 U.S.C. § 841(b)(1)(B), expressly exempted § 3583(b)(1)'s limitations -- and invited the parties' views. (Doc. 91.) Both parties complied. (Docs. 92, 93.) On July 28, 2020, following a sentencing hearing limited to the issue of the term of supervision to be imposed, the court ordered a period of 36 months -- but only because it felt constrained to follow what it believes is an error in the Fourth Circuit case law that has persisted despite Congress's amendment in the applicable statute. The purpose of this memorandum opinion is to explain the court's analysis in the hopes that the case law in this circuit will be corrected.

## I. BACKGROUND

The indictment charged Defendant Torriez Lamar Bailey with possession with intent to distribute 116.4 grams of a mixture and substance containing a detectable amount of cocaine base on June 24, 2010, in violation of 21 U.S.C. § 841(a)(1). (Doc. 7.) Bailey pleaded guilty and was sentenced to 60 months imprisonment and 5 years of supervised release pursuant to § 841(b)(1)(A). (Doc. 15.) Following a successful motion to vacate based on the subsequent Fair Sentencing Act, Bailey was sentenced under 21 U.S.C. § 841(b)(1)(B), a Class B felony,[1] to 54 months imprisonment and 5 years of supervised release. (Doc. 45.)

On August 10, 2018, the United States Probation Office filed a petition for revocation of Bailey's supervision because he had been arrested and charged with drug trafficking and had tested positive on several occasions for use of cocaine. (Doc. 51.) On November 1, 2018, following four separate days of hearings, the court found that Bailey violated his supervision by again trafficking drugs and using cocaine. (Doc. 71.) The court calculated the guidelines, noting that up to 3 years of imprisonment could be imposed. (Doc. 79 at 35.) As to supervision, the probation officer noted that the maximum term of

---

[1] See 18 U.S.C. § 3559(a)(2).

supervision was life,[2] but the court noted its intention not to impose more than 60 months in any event. (Id. at 35-36.) No party disagreed with the court's calculations of the guidelines. (Id. at 36.) Following argument, the court sentenced Bailey to 24 months of imprisonment and re-imposed five years of supervision. (Id. at 42.)

On appeal, Bailey filed an Anders brief, indicating that no error had been identified.[3] However, the Fourth Circuit ordered supplemental briefing to address this single question:

> whether the district court plainly erred in imposing 60 months of supervised release, in light of Bailey's conviction and sentence pursuant to 21 U.S.C. § 841(b)(1)(B) (2012). See 18 U.S.C. § 3583(h) (2012); United States v. Dawson, 587 F.3d 640, 648 n.5 (4th Cir. 2009).

United States v. Bailey, No. 18-4854, Order, Doc. 17, at 1–2 (May 20, 2019). Bailey argued that the district court "plainly erred by imposing 60 months of supervised release under [the Fourth Circuit's] holding in United States v. Dawson, 587 F.3d 640, 648 n.5 (4th Cir. 2009)." Bailey, No. 18-4854, Supplemental Brief of Appellant, Doc. 21, at 1-2 (June 11, 2019). The Government moved

---

[2] The Probation Officer stated that the minimum term of supervision under § 841(b)(1)(A), Bailey's original statute of conviction, was 5 years. (Doc. 79 at 35–36.) However, because Bailey had been resentenced under the Fair Sentencing Act, his drug amount of 116.4 grams of cocaine base put him under § 841(b)(1)(B), which required a term of supervision "of at least 4 years" and a maximum of life. 21 U.S.C. § 841(b)(1)(B).

[3] Anders v. California, 386 U.S. 738 (1967).

3

to suspend briefing and to remand for resentencing "in light of Dawson." Bailey, No. 18-4854, Motion to Suspend Briefing and Remand for Resentencing, Doc. 28, at 2-3 (July 2, 2019). The case was remanded to this court.

Prior to sentencing, this court issued a memorandum order setting out its analysis as to why the maximum term of supervision that could be imposed upon revocation for Bailey's § 841(b)(1)(B) offense was not more than life. (Doc. 91.) Bailey filed a response contending that the court was bound by the Fourth Circuit's decision in Dawson, as suggested by the Fourth Circuit's order on supplemental briefing. (Doc. 92.) The Government filed a response essentially agreeing with the court. (Doc. 93.)

At the sentencing rehearing on July 28, 2020, the court heard from all parties, who agreed that the only issue on remand was the proper term of supervision to be imposed. The court expressed its view that, while it believed the statements in Dawson relating to the term of supervision may be dicta, the decision was nevertheless reported. Moreover, the Fourth Circuit suggested sua sponte that the court had erred, and it remanded the case in light of its identification of the error. In this unique posture, this court considered itself bound by Dawson and constrained its determination accordingly. However, this issue has arisen repeatedly in the case law -- indeed, it arose here on an Anders

4

brief -- and should be clarified and corrected by the Fourth Circuit.

**II. ANALYSIS**

In Dawson, the Fourth Circuit vacated the defendant's sentence because the Government violated its promise in the plea agreement to recommend a two-level minor participant reduction. Dawson, 587 F.3d at 647-48. The Fourth Circuit remanded the case for resentencing. In a footnote following the holding, the court stated, "We also note the district court erred by imposing a period of supervised release in excess of five years." Id. at 648 n.5. The court observed that while 21 U.S.C. § 841(b)(1)(B) provides for a term of supervision of "at least four years," 18 U.S.C. § 3583(b)(1) provides for a maximum term of supervision of 5 years for a Class B felony. Id. For support, the court cited its decision in United States v. Good, 25 F.3d 218, 221 (4th Cir. 1994), quoting it for this proposition: "Although there is no maximum period of supervised release expressed in the statutory language of 21 U.S.C. § 841(b)(1)(B), . . . the maximum period of supervised release for a first offender found guilty of this Class B felony is five years." Id. What the court did not note, perhaps because the parties may not have briefed it, was that Good had been superseded subsequently by changes to § 841(b)(1)(B).

Section 3583 provides that "[e]xcept as otherwise provided,

5

the authorized terms of supervised release are . . . for a Class A or Class B felony, not more than five years." 18 U.S.C. § 3583(b)(1). At its enactment and at the time of the Good case, § 841(b)(1)(B) provided simply that the period of supervised release shall be at least four years. See Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. 91-513, Title II, § 401, 84 Stat. 1236, 1260 (1970). A circuit split developed: the Fourth and Fifth Circuits read § 841(b)(1) and § 3583(b) together, such that § 3583(b) was read to restrict the maximum term of supervised release. See United States v. Good, 25 F.3d 218, 221 (4th Cir. 1994); United States v. Kelly, 974 F.2d 22, 24 (5th Cir. 1992). The Second and Ninth Circuits held that § 841 controlled and § 3583 did not apply, such that the maximum term of supervision was life. United States v. Mora, 22 F.3d 409, 412 (2d Cir. 1994); United States v. Sanclemente-Bejarano, 861 F.2d 206, 209 (9th Cir. 1988) (per curiam).

Congress resolved any ambiguity in 2002 when it amended § 841(b)(1)(B), to read: "*Notwithstanding section 3583 of title 18*, any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment . . . ." 21st Century Department of Justice Appropriations Authorization Act, Pub. L. 107-273, § 3005, 116

6

Stat. 1758, 1805 (2002) (emphasis added). Circuit courts now agree that the limits of § 3583 do not apply to a § 841(b)(1)(B) offense. See United States v. Barber, 727 F. App'x 886, 887–88 (7th Cir. 2018) (citing United States v. Jones, 774 F.3d 399, 402 (7th Cir. 2014)) (noting that the statutory maximum term of supervised release upon revocation under § 841(b)(1)(B) is life); United States v. Milner, 688 F. App'x 854, 855 (11th Cir. 2017) (per curiam) (upholding reimposed supervision term of life, stating, "In this case, the maximum term authorized by [§ 841(b)(1)(B)] is life, which [the defendant] concedes."); United States v. Brown, 676 F.3d 1138, 1140 (8th Cir. 2012) (finding in revocation sentencing that the terms of § 841 "trump the general terms of supervised release provided in § 3583(b)"); United States v. Handley, 678 F.3d 1185, 1189 (10th Cir. 2012) (finding upon revocation that "the maximum terms of supervised release in § 3583(b) do not apply to drug offenses under 21 U.S.C. § 841" and that "under the plain language of § 841(b)(1)(B) . . . the maximum term of supervised release is life"); United States v. Jackson, 559 F.3d 368, 370 (5th Cir. 2009) (noting that the maximum set out in § 3583(b) applicable during initial sentencing for a drug offense under § 841 has been "abrogated by statute" as to revocation sentences); see also United States v. Campos, 922 F.3d 686, 688 (5th Cir. 2019) (recognizing in revocation proceeding

7

that the maximum term of supervised release authorized by § 841(b)(1)(B) "is a life term").[4]

United States v. Good involved a conviction under § 841(b)(1)(B) and was decided in 1994, before § 841(b)(1)(B) was amended. 25 F.3d at 220. Based on the language of § 841 at the time, the court declined to follow the Ninth Circuit's decision in Sanclemente-Bejarano and held that § 3583's limitation of five years of supervised release applied. Id. at 221. However, when Dawson was decided, in 2009, § 841(b)(1)(B) had been amended to include the express proviso that "[n]otwithstanding section 3583 of Title 18," the term of supervision was "at least four years." 21 U.S.C. § 841(b)(1)(B). Instead of citing to this provision, the Dawson court relied on § 3583 and Good. See Dawson, 587 F.3d at 648 n.5.

Footnote 5 of Dawson continues to be followed in this circuit, usually with minimal analysis of the issue. See Kearney v. United States, No. 5:16-CR-7-IBO, No. 5:18-CV-104-BO, 2018 WL 4494094 (E.D.N.C. Sept. 19, 2018) (citing Dawson in finding that defendant's ten-year term of supervised release pursuant to § 841(b)(1)(B) was erroneous); Blanks v. United States, Nos. 7:04-

---

[4] See also United States v. Hermosillo, 622 F. App'x 680, 681–82 (9th Cir. 2015) (on direct appeal of an initial sentence, deciding that past caselaw interpreting § 841(b)(1)(C) as "authoriz[ing] a maximum life term of supervised release" likewise applies to § 841(b)(1)(B), thus "overrid[ing] the shorter maximum terms authorized by § 3583(b)").

8

CR-76-FL-1, 7:12-CV-238-FL, 2014 WL 229308, at *2 (E.D.N.C. Jan. 21, 2014) (citing Dawson for the proposition that, pursuant to 21 U.S.C. § 841(b)(1)(B) and § 3583(b)(1), the minimum term of supervised release is four years and the maximum term of supervised release is five years); Wilder v. United States, Nos. 5:09-CR-207-FL-1; 5:11-CV-771-FL, 2014 WL 220758, at *3 (E.D.N.C. Jan. 21, 2014) (applying Dawson to a § 841(b)(1)(A) conviction and finding that both the minimum and maximum term of supervised release is five years); Richardson v. United States, Nos. 5:09-CR-209-FL, 5:12-CV-320-FL, 2014 WL 220734, at *3 (E.D.N.C. Jan. 21, 2014) (same as Blanks). See also United States v. Fair, 616 F. App'x 549, 552 (4th Cir. 2015) (per curiam) (citing Good in finding that district court erred in sentencing defendant to a term of supervised release in excess of five years pursuant to § 841(b)(1)(B))); United States v. Smith, 630 F. App'x 193, 194 (4th Cir. 2015) (per curiam) (relying upon Good to note that a Class B felony subjects a defendant "to a term of supervised release not to exceed five years").

To complicate matters, in United States v. Pratt, the Fourth Circuit rejected an argument that § 3583 applied in a conviction involving § 841(b)(1)(C). 239 F.3d 640 (4th Cir. 2001). The court did so, however, not because § 841(b)(1)(C) also contains the proviso "[n]otwithstanding section 3583 of Title 18," but

9

because "[i]f we were to hold that § 3583's three-year maximum term of supervised release applied to [the defendant's] sentence, we would render § 841(b)(1)(C)'s use of the words "*at least* three years" superfluous. Id. at 648 (emphasis in original). The court cited Good only for the proposition that "[b]y including the words 'except as otherwise provided' this statute [§ 3583] creates an exception for those special statutes, such as the drug offenses, which carry their own mandatory minimum periods of supervised release." Id. at 647. The narrow holding of Pratt is that "where a statute's mandatory minimum term of supervised release is the same as, or exceeds, § 3583's maximum terms, § 3583's maximum terms do not apply." Id. at 648. Notably, however, the Fourth Circuit rejected the defendant's argument that the district court's imposition of five years of supervision upon revocation -- which exceeds § 3583(b)(1)'s limit of three years -- was error. Id.

In summary, under current Fourth Circuit case law, a supervised release sentence upon revocation under § 841(b)(1)(C) can run as high as life, while under Dawson and Good a sentence under § 841(b)(1)(B) for a more serious drug offense can only run as high as five years. There is no indication that Congress intended this anomalous result in amending § 841 in 2002.[5]

---

[5] This is especially so in light of the fact that circuit courts have held that the supervised release terms in subsections (A) and (C) of

10

Rather, it would appear that Good and Dawson have been superseded by the 2002 amendments to § 841(b)(1), and that the Fourth Circuit's approach in Pratt is more consistent with the court finding that a maximum term of supervision for Bailey is life. Under that analysis, the five-year term of supervision this court imposed at Bailey's sentencing for the supervised release revocation was lawful, despite the Fourth Circuit's sua sponte suggestion of error.

In United States v. Jackson, 62 F. Supp. 3d 509, 514 (E.D. Va. 2014), the district court found that the maximum term of supervision upon revocation under § 841(b)(1)(B) is life. One might think that this decision, which appears correct, would have been persuasive as to subsequent cases. It is to this court. But in this case the Fourth Circuit sua sponte questioned the length of the supervision sentence and remanded this case without any mention of Jackson or its analysis.

As this court noted at sentencing, it would have imposed more

---

§ 841(b)(1), which both contain the "[n]otwithstanding section 3583 of Title 18" proviso, override the supervised release ranges provided in § 3583. See, e.g., United States v. James, 784 F. App'x 801, 802 (D.C. Cir. 2019) (per curiam); United States v. Roebuck, 761 F. App'x 98, 102 (3d Cir. 2019); United States v. Brooks, 889 F.3d 95, 99–100 (2d Cir. 2018) (per curiam) ("We have interpreted the presence of a mandatory minimum term" of supervised release in 21 U.S.C. § 841(b), without a maximum, to allow the district court to impose up to a lifetime supervised release notwithstanding the limits of section 3583(b)."); United States v. Martínez-Pomales, 625 F. App'x 10, 11-12 (1st Cir. 2015).

11

than the three years of supervision that § 3583(b)(1) would proscribe.  Bailey has multiple prior convictions and arrests for drug-related offenses: felony possession of cocaine (2006 conviction); felony possession of cocaine (2006 conviction); felony possession with intent to sell or deliver cocaine (2005 arrest); felony possession with intent to sell or deliver (2008 arrest); felony possession with intent to manufacture, sell and deliver cocaine (2009 arrest); felony possession of cocaine (2009 arrest); felony possession with intent to sell and deliver counterfeit controlled substance (2010 arrest).  (Doc. 53 ¶¶ 24, 25, 29, 30, 33, 34, and 36.)  His underlying offense in the present case was for trafficking 116.4 grams of cocaine base.  (Doc. 15 (2011 judgment).)  Most importantly, his supervision was revoked in the present case for continued drug trafficking, this time involving cocaine and heroin, from his residence and which occurred in 2018, during the fourth year of a five-year period of supervision.  (Doc. 79 at 32.)  He also admitted to cocaine use and positive drug tests over a two-year period from 2016-18 (years two and three of his supervision).  (Id. at 29.)  Prior to and at the hearings on revocation, Bailey offered conflicting excuses for the drugs, first blaming his brother, then blaming his girlfriend and her son.  (Id. at 31-32.)  This history demonstrates that, even assuming Bailey was free from distributing drugs for three

12

years following his release from prison, he nevertheless was using within two years of his release and returned to drug trafficking (here cocaine and heroin) in the fourth year. His continued criminal conduct is consistent with an extensive history of the same and warrants a sufficient supervision sentence for deterrence and to protect the public.

The court permitted Bailey to allocute again on his remand hearing, which occurred after he had served his 24-month sentence on revocation. Bailey professed he had changed his ways, moved out of state, and was working toward becoming employed as a truck driver. Under the authority of Pepper v. United States, 562 U.S. 476 (2011), the court indicated it would take these mitigating factors into account and determined that, while giving credit for these changes, it would nevertheless have sentenced him to four years of supervision had the court felt it was not bound by Dawson, particularly given the Fourth Circuit's sua sponte identification of the issue and remand.

## III. CONCLUSION

For the reasons set forth above, and particularly because in this case the Fourth Circuit questioned the sentence sua sponte and remanded the case, the court considered itself constrained to impose a sentence of three years of supervision based on what appears to be erroneous circuit law as to the maximum term of

13

supervision that can be imposed on revocation for an offense under 21 U.S.C. § 841(b)(1)(B). Dawson's apparently incorrect statement of the law should be corrected.[6]

                                              /s/   Thomas D. Schroeder
                                              United States District Judge

August 3, 2020

---

[6] This is not an isolated occurrence. At the remand hearing, the Government advised the court that since the remand order in the present case, yet another case was remanded to this district on the same grounds.

